UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| NEWREZ LLC d/b/a SHELLPOINT MORTGAGE SERVICING,<br><br>        Plaintiff<br><br>v.<br><br>ANDY OCHOA,<br><br>        Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)   No. 2:23-cv-00251-LEW<br>)<br>)<br>)<br>) |

**ORDER ON MOTION FOR ALTERNATE SERVICE BY PUBLICATION**

In this mortgage foreclosure case, NewRez LLC d/b/a Shellpoint Mortgage Servicing seeks to serve its complaint upon Andy Ochoa by alternative means in the form of publication. *See* Motion (ECF No. 11). Because NewRez has not shown that it has exhausted more traditional means to serve Ochoa and has failed to supply a proposed order, the motion is denied.

**I. Legal Standard**

"Under Federal Rule of Civil Procedure 4(e), service may be accomplished by delivering a copy of the summons and the complaint to the individual personally, leaving a copy at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, [or] delivering a copy to an agent authorized by appointment or by law to receive service of process . . . ." *Edson v. Riverside Psychiatric Ctr.*, No. 1:16-cv-00079-JAW, 2016 WL 3257003, at *2 (D. Me. June 13, 2016); Fed. R. Civ. P. 4(e)(2). Service may also be accomplished "by following

1

state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district [court] is located or where service is made." *Edson*, 2016 WL 3257003, at *2; Fed. R. Civ. P. 4(e)(1).

Maine law allows service by alternate means "on motion upon a showing that service cannot with due diligence be made by another prescribed method." Me. R. Civ. P. 4(g)(1). To meet that standard, the movant must provide "a draft, proposed order to provide the requested service by alternative means," containing the content specified in Rule 4(g)(2), as well as an affidavit showing that (1) the movant "has demonstrated due diligence in attempting to obtain personal service of process in a manner otherwise prescribed by Rule 4 or by applicable statute," (2) "[t]he identity and/or physical location of the person to be served cannot reasonably be ascertained, or is ascertainable but it appears the person is evading process," and (3) "[t]he requested method and manner of service is reasonably calculated to provide actual notice of the pendency of the action to the party to be served and is the most practical manner of effecting notice of the suit." Me. R. Civ. P. 4(g)(1)-(2).

The Law Court has observed that, because of societal and technological changes, "service by publication has become less likely to achieve actual notice of a lawsuit" and, therefore, "also less likely to meet the requirements of due process." *Gaeth v. Deacon*, 2009 ME 9, ¶ 26, 964 A.2d 621. Thus, "service by publication in a newspaper is . . . a last resort that a party should attempt only when it has exhausted other means more likely to achieve notice." *Id.* Indeed, "[i]n view of the obsolete nature of service by publication and due process concerns," the judges of this Court

"have been extremely reticent about approving service by publication." *Fed. Nat'l Mortg. Ass'n v. Butler*, No. 1:19-cv-00218-JAW, 2023 WL 2402817, at *3 (D. Me. Mar. 8, 2023). Accordingly, this Court has "typically required that the party moving for service by publication, particularly in foreclosure cases where the person being sought is a former customer of the financial institution, demonstrate that it has hired a competent private investigator and the private investigator's efforts to locate the person have been unsuccessful." *Id*.

## II. Discussion

NewRez includes with its motion an affidavit of Reneau J. Longoria, Esq., cataloguing unsuccessful attempts to serve Ochoa in hand by means of a service processor at three addresses in Maine and by the Worcester County Sheriff's Office at an address in Leominster, Massachusetts, as well as calls to known numbers and searches of numerous databases. *See* Longoria Aff. (ECF No. 11) ¶¶ 5-26.

However, the affidavit on its face indicates that NewRez did not exhaust traditional methods of service. Longoria states that, as of the date of her affidavit (November 2, 2023), the Worcester County Sheriff's Office was "continuing efforts" to serve Ochoa at the Massachusetts address, *id*. ¶ 13, and she makes no mention of the use of a private investigator, *see generally id*.

NewRez also fails to supply a draft proposed order for service by alternative means containing the content required by Maine Rule of Civil Procedure 4(g)(2).

## III. Conclusion

For the foregoing reasons, the motion is **DENIED** on the showing made.

3

## *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the District Court and to any further appeal of this order.*

Dated: November 8, 2023

/s/ Karen Frink Wolf
United States Magistrate Judge