UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| NEWREZ LLC d/b/a SHELLPOINT MORTGAGE SERVICING,<br><br>      Plaintiff<br><br>v.<br><br>ANDY OCHOA,<br><br>      Defendant | No. 2:23-cv-00251-LEW |

**ORDER ON THIRD MOTION FOR SERVICE BY PUBLICATION**

NewRez LLC d/b/a Shellpoint Mortgage Servicing files its third motion to serve its foreclosure complaint upon Andy Ochoa by publication after the Court denied its first motion for failure to exhaust traditional methods of service and supply the requisite draft proposed order and its second motion for again failing to supply the proposed order. *See* Third Motion (ECF No. 18). For the reasons that follow, the Third Motion is granted.

## I. Legal Standard

"Under Federal Rule of Civil Procedure 4(e), service may be accomplished by delivering a copy of the summons and the complaint to the individual personally, leaving a copy at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, [or] delivering a copy to an agent authorized by appointment or by law to receive service of process . . . ." *Edson v. Riverside Psychiatric Ctr.*, No. 1:16-cv-00079-JAW, 2016 WL 3257003, at *2 (D. Me.

1

June 13, 2016); Fed. R. Civ. P. 4(e)(2). Service may also be accomplished "by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district [court] is located or where service is made." *Edson*, 2016 WL 3257003, at *2; Fed. R. Civ. P. 4(e)(1).

Maine law allows service by alternate means "on motion upon a showing that service cannot with due diligence be made by another prescribed method." Me. R. Civ. P. 4(g)(1). To meet that standard, the movant must provide "a draft, proposed order to provide the requested service by alternative means," containing the content specified in Rule 4(g)(2), as well as an affidavit showing that (1) the movant "has demonstrated due diligence in attempting to obtain personal service of process in a manner otherwise prescribed by Rule 4 or by applicable statute," (2) "[t]he identity and/or physical location of the person to be served cannot reasonably be ascertained, or is ascertainable but it appears the person is evading process," and (3) "[t]he requested method and manner of service is reasonably calculated to provide actual notice of the pendency of the action to the party to be served and is the most practical manner of effecting notice of the suit." Me. R. Civ. P. 4(g)(1)-(2).

The Law Court has observed that, because of societal and technological changes, "service by publication has become less likely to achieve actual notice of a lawsuit" and, therefore, "also less likely to meet the requirements of due process." *Gaeth v. Deacon*, 2009 ME 9, ¶ 26, 964 A.2d 621. Thus, "service by publication in a newspaper is . . . a last resort that a party should attempt only when it has exhausted other means more likely to achieve notice." *Id.* Indeed, "[i]n view of the obsolete

nature of service by publication and due process concerns," the judges of this Court "have been extremely reticent about approving service by publication." *Fed. Nat'l Mortg. Ass'n v. Butler*, No. 1:19-cv-00218-JAW, 2023 WL 2402817, at *3 (D. Me. Mar. 8, 2023). Accordingly, this Court has "typically required that the party moving for service by publication, particularly in foreclosure cases where the person being sought is a former customer of the financial institution, demonstrate that it has hired a competent private investigator and the private investigator's efforts to locate the person have been unsuccessful." *Id.* Even when a private investigator has been hired, efforts to locate and serve a defendant remain insufficient if "a seemingly important lead" is left "unexplored." *U.S. Bank Tr., N.A. v. Plummer*, No. 2:20-cv-00171-DBH, 2021 WL 606970, at *3 (D. Me. Feb. 16, 2021).

## II. Background

On June 16, 2023, NewRez filed a complaint seeking foreclosure on a property located at 16 Dyer Road, Raymond, Maine for alleged breach of a mortgage and note. Complaint (ECF No. 1) ¶¶ 25-35. Prior to filing the complaint, NewRez sent a Notice of Mortgagor's Right to Cure to the 16 Dyer Road address and to a second address in Raymond, Maine. Affidavit of Reneau J. Longoria ("Longoria Aff."), commencing on page 5 of Third Motion, ¶ 4; Exh. B (ECF No. 18-3).

Beginning on July 7, 2023, NewRez made several unsuccessful attempts to serve Ochoa, including sending Kevin Surette of We Serve Maine to attempt to serve him at the 16 Dyer Road property—which Surette noted was vacant—and at two other Maine addresses. Longoria Aff. ¶¶ 7, 9, 11. NewRez's counsel also conducted

3

research that led to the discovery of a potential Ochoa associate, Marena H. Hachey, with a probable address in Leominster, Massachusetts. *Id.* ¶ 13; Exh. E (ECF No. 18-6). A Worcester County Sheriff's Deputy attempted unsuccessfully to serve Ochoa at that location on September 7, 2023, and reported that the property appeared to be vacant. Longoria Aff. ¶ 14. Counsel for NewRez thereafter undertook additional efforts to locate Ochoa, including online database searches, but uncovered no new leads. *Id.* ¶¶ 15-16, 26-32.

On November 2, 2023, NewRez filed its initial motion for service by publication, which the Court denied on November 8, 2023, noting that NewRez's counsel had indicated that "the Worcester County Sheriff's Office was 'continuing efforts' to serve Ochoa at the Massachusetts address," "no mention was made of the use of a private investigator," and NewRez had failed to supply the proposed draft order required by Maine Rule of Civil Procedure 4(g)(2). First Motion (ECF No. 11); Order on First Motion (ECF No. 12) (cleaned up).

On November 15, 2023, Ochoa called NewRez and said that he intended to sell the 16 Dyer Road property, which he confirmed was his mailing address. Longoria Aff. ¶ 34; Exh. T (ECF No. 18-21). Counsel called and texted Ochoa on numerous occasions, including November 17, 2023, December 5, 2023, January 4, 5, and 8, 2024, and February 2, 23, and 28, 2024, but was unable to reach him. Longoria Aff. ¶ 35.

Counsel for NewRez also hired Surette again, this time in the role of private investigator. *Id.* ¶ 17. Surette investigated various databases for new information

4

concerning Ochoa's location, to no avail. *Id.* ¶ 18. On November 30, 2023, Surette again went to the 16 Dyer Road address and discovered that the property was still vacant. *Id.* ¶ 19. Surette spoke with a neighbor who said that Ochoa had been there a few months earlier and had left a new contact number that was disconnected a few days later. *Id.*; Exh. H (ECF No. 18-9). Counsel for NewRez has since confirmed the number is no longer in service. Longoria Aff. ¶ 36.

On December 1, 2023, Surette found a new address for Hachey in Massachusetts and counsel for NewRez hired Nationwide Court Services, Inc. to try to serve Ochoa at that address. *Id.* ¶¶ 20-21. A Nationwide process server spoke with Hachey at that address on December 13, 2023. *Id.* ¶ 22. She described Ochoa as her former boyfriend, said he did not live there, and mentioned that she had a restraining order against him. *Id.* She said that he might be living in California. *Id.* Nationwide, Surette, and counsel for NewRez all ran their own searches for Ochoa in California, none of which uncovered any new leads. *Id.* ¶¶ 23-25.

On January 9, 2024, NewRez again moved to serve Ochoa by publication. *See* Second Motion (ECF No. 15). Without reaching the merits, I denied NewRez's second motion on February 22, 2024, for failure once again to supply the requisite proposed order. *See* Order on Second Motion (ECF No. 17). I directed NewRez to file a motion no later than March 8, 2024, attaching both the proposed order and "an updated affidavit of counsel recounting NewRez's efforts to locate Ochoa." *Id.* at 2. NewRez filed the instant motion on March 4, 2024, and, this time, provided the proposed

5

order along with an updated affidavit. *See* Third Motion; Proposed Order of Service (ECF No. 18-1).

Following the denial of its second motion NewRez continued, though unsuccessfully, to try to contact Ochoa. Longoria Aff. ¶¶ 35-52. Counsel for NewRez called and texted an active number for Ochoa throughout January and February. *Id.* ¶ 37. On February 28, 2024, someone finally answered the call. *Id.* ¶ 38. Background noise could be heard, and the call ended after counsel identified herself. *Id.* Counsel then texted that number and received a responsive text stating, "hola," but nothing more. *Id.* ¶ 39. On February 29, 2024, counsel again called that number and received a callback from someone who said that he did not speak English and identified himself as "Fernando." *Id.* ¶ 40. Counsel concluded that the number was no longer connected with Ochoa. *Id.* ¶ 41.

In February 2024 counsel for NewRez also made additional contacts with Dyer Road neighbors. *Id.* ¶¶ 42-45, 47-52. Three different neighbors reported that they had not seen Ochoa since the beginning of the summer of 2023 and that the property had been vacant since then. *Id.* ¶¶ 44, 47-52. On February 23, 2024, counsel for NewRez traveled to the property and confirmed its vacancy. *Id.* ¶ 45.

Based on its various efforts to locate and serve Ochoa, NewRez contends that it has diligently searched for Ochoa to attempt to serve him by "usual means" and that Ochoa is "evading service." *Id.* ¶ 55. NewRez argues that, in the circumstances,

publication in *The Portland Press Herald* "is reasonably calculated to provide service to" Ochoa. Third Motion at 3.[1]

### III.   Discussion

NewRez has demonstrated its diligence in attempting to locate and serve Ochoa by traditional methods, has shown that its efforts have been unsuccessful, and has demonstrated that further similar efforts are unlikely to be successful. Indeed, Ochoa has abandoned the subject property, and NewRez has been unable to contact him despite diligent efforts including repeated calls and internet searches, contacting neighbors and known associates, and employing a private investigator. In circumstances such as these, "employment of an indirect and even a probably futile means of notification is all the situation permits and creates no constitutional bar to a final decree foreclosing their rights." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 317 (1950).

"When service by publication is authorized, it is generally authorized in combination with other means of making service." *U.S. Bank Tr. v. Pinette*, No. 2:19-cv-00147-LEW, 2019 WL 5225446, at *3 (D. Me. Oct. 16, 2019). Accordingly, I conclude that service by publication in *The Portland Press Herald* and by mailing a copy of the complaint and summons to Ochoa's last known mailing address—16 Dyer Road, Raymond, Maine 04071—is reasonably calculated to provide him notice of this action.

---

[1] NewRez mistakenly refers to the newspaper of general circulation in Cumberland County, Maine as the "Portland Harold Press." Third Motion at 2-3.

## IV. Conclusion

For the foregoing reasons, NewRez's motion is **GRANTED**. NewRez shall serve Ochoa (1) by mailing a copy of the complaint and summons to his last known address, 16 Dyer Road, Raymond, ME 04071; and (2) by publication in accordance with Maine Rule of Civil Procedure 4(g) and pursuant to the order for service issued contemporaneously with this order.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the District Court and to any further appeal of this order.*

Dated: March 12, 2024

/s/ Karen Frink Wolf
United States Magistrate Judge