UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| NEWREZ LLC D/B/A SHELLPOINT MORTGAGE SERVICING,<br><br>    Plaintiff,<br><br>v.<br><br>ANDY OCHOA,<br><br>    Defendant,<br><br>EVERGREEN CREDIT UNION,<br><br>    Party-In-Interest. | **EXHIBIT 100**<br><br>Case No. 2:23-cv-00251-LEW |

### AFFIDAVIT OF BREANNA PARSONS

1. My name is Breanna Parsons. I am over 18 years old and competent to testify. I make the following statements based on my personal knowledge and my personal knowledge of the business records referred to herein and attached hereto.

2. I am employed by Evergreen Credit Union ("ECU") as its Payment Solutions Manager. In that capacity, I am ECU's employee who is primarily responsible for overseeing ECU's efforts to recover charged off and defaulted loan obligations from members.

3. As a credit union, ECU is in the business of making loans and is a supervised and regulated lender. ECU maintains electronic records of each loan account in the ordinary course of its business. Entries are made into loan servicing records promptly by a person with knowledge.

4.      When a loan account is opened and funds are disbursed to the borrower, the principal amount of the loan, the applicable interest rate, borrower contact information, etc. is entered into the loan software and a unique account number is assigned to the loan. The software keeps track of interest accruals, late charges, etc. When a payment on a loan account is received, a credit union employee would note receipt of the payment in the system on the day that it is received. If payments are made electronically through the credit union's bill pay system, the system would automatically note the amount of the payment when the transfer is received.

5.      Loan accounts are subject to daily accounting checks to make sure that payments received on accounts balances are properly credited to the correct loan accounts. Moreover, each borrower can track the balance of his or her loan account both online, through their electronic banking portal, and by reviewing monthly account statements sent by ECU via email or U.S. Mail. This provides the customers with the opportunity to notify the credit union if an expected payment was not received.

6.      Loan documents are maintained by the credit union both electronically in an electronic database indexed by loan account number and borrower name, and in a paper hard copy file which is similarly indexed. The hard copy file is kept in a secured location with access restricted to credit union employees.

7.      Access to the credit union's electronic record keeping and document management systems are controlled by user ID and a unique password, which is required to be changed periodically. Any access to a loan file is logged and changes made to a

loan file are tied to the user ID that made those changes. Employees only have the level of access required to perform their job functions.

8. I am ECU's employee who is primarily responsible for overseeing the loan account of the defendant, Andy Ochoa. I have full access to both the electronic records regarding Mr. Ochoa's loan account, and the hard copy loan file.

9. Account numbers and personal identifying information have been redacted from the exhibits to this Affidavit, but the Exhibits below are true and correct copies of the originals which are in the possession of ECU, or have been outputted from ECU's loan servicing database.

10. Attached hereto as **Exhibit 101** is a true and correct copy of the electronic promissory note executed by Andy Ochoa on October 10, 2018 in the original principal amount of $30,000.00 ("Note").

11. Attached hereto as **Exhibit 102** is a true and correct copy of the Junior Mortgage Deed granted to ECU by Mr. Ochoa to secure the Note against real property owned by him located at 16 Dyer Road, Raymond, Maine. The Junior Mortgage was recorded in the Cumberland County Registry of Deeds in Book 35238, Page 168.

12. Attached hereto as **Exhibit 103** is a payoff quote as of January 12, 2025 for Mr. Ochoa's loan account showing a balance due on his loan in the amount of $29,169.51. Because the loan account has been charged off by the credit union, our system no longer accounts for interest accruals. However, I have calculated that per diem interest of $1.37 has accrued and will continue to accrue each day after January 12, 2025. This document was outputted from ECU's electronic business records referred to above.

13. Based on my personal knowledge of the loan account of Andy Ochoa, and my personal knowledge of the above-referenced business records, ECU claims a second priority Junior Mortgage against the real property located at 16 Dyer Road, Raymond, Maine to secure loan obligations of Andy Ochoa to ECU in the amount of $29,169.51, plus additional interest per day of $1.37 each day after January 12, 2025.

I declare pursuant to 28 U.S.C. § 1746 under penalty of perjury that the foregoing is true and correct.

Dated: January 23, 2025

*/s/ Breanna Parsons*
Breanna Parsons
Payment Solutions Manager
Evergreen Credit Union
