Loan Originator Organization: Evergreen Credit Union    Loan #: ███
NMLSR ID Number: 665447
Loan Originator: Danielle Johnson
NMLSR ID Number: 1683031

**EXHIBIT 102**

# EVERGREEN CREDIT UNION

## Junior Mortgage Deed

1. **Words Used Often In This Document**

    a. The word "mortgage" means this document which is dated 10/10/2018

    b. The words "I" "me" "my" and "the consumer" ANDY OCHOA

    c. The words "you" "your" or "the credit union" mean Evergreen Credit Union

    These words also mean any person who is given the rights, which the Credit Union has under this mortgage.

    d. The word "Note" means a note signed by me and dated 10/10/2018

    In the Note I promised to pay you plus interest Thirty Thousand and 00/100 (U.S. $ $30,000.00      ).

    e. The word "property" means the property, which is subject to this Mortgage and which described below.

2. **Grant Of Mortgage And Description Of Property**

    As security for the Note, which I gave you, I grant to you with all rights that the law gives to mortgage holders including the rights known as "mortgage covenants" the property, which is located at: 18 DYER RD                              (Street)

    RAYMOND                        (City/Town) ME                  (State)

    See Attached Schedule

3. **Default And Foreclosure**

    I am in default if I break any promises under this mortgage or the Note. I am also in default if I break any of the promises given to the holder of my first mortgage, if breaking those promises significantly impairs my prospect of repayment or jeopardizes your interest in the property.

    If I am in default you may foreclose on the property. If I am in default for failure to make a required monthly payment, you must give any notices required by the Maine Consumer Credit Code. I agree to pay your reasonable expenses in preparing the property for resale as allowed by law. Depending on the amount financed under the Note, if you foreclose and sell the property you may not be able to collect any deficiency from me.

4. **Consumer's Promises**

    (a) Taxes and claims. I will pay all taxes due on the property and will keep the property free from all future claims against it.

    (b) Insurance. I will keep the property insured under terms acceptable to you (in the amount of coverage which equals the replacement value of the dwelling) at my expense and for your benefit, and you will be named as a loss payee or insured on the insurance policy. A duplicate of the insurance policy must be given to the credit union. The insurance policy must contain a ten-day notice of cancellation by the insurance company to the credit union.

    (c) Repair and Maintenance. I will keep the property in good condition and make all repairs reasonably necessary.

If I do not pay taxes, keep the property free from further claims, keep the property properly insured, or keep the property in good condition, you may do so and add the cost to the balance of my loan and you will be entitled to interest on the additional amount at the same rate as the Note. This mortgage also secures any amount you add to the balance of my loan under this paragraph.

5. **Agreements About Rights If I Transfer This Property**

If I sell or transfer all or part of the Property or any rights in the Property, you may require me to make immediate payment in full of all money due under the Note and Mortgage. If the property is transferred, you may at your option, agree to allow the person to whom the property is transferred to assume the mortgage or to sign a new mortgage under terms acceptable to you, including a higher interest rate.

You will not have the right to require immediate Payment in Full as a result of certain transfers. Those transfers are:

   i. the creation of liens or other claims against the Property that have a lower priority than this Mortgage;

   ii. a transfer of rights in household appliances, to a person who provides me with the money to buy those appliances, in order to protect that person against possible losses;

   iii. a transfer of Property to surviving co-owners, following the death of a co-owner, when the transfer is automatic according to law;

   iv. leasing the Property for a term of three years or less, as long as the lease does not included an option to buy.

If you require immediate Payment in Full under this paragraph, you will send me a notice, which states this requirement. The notice will give me at least 30 days to make payment in full. The 30-day period will begin on the date, which is 3 days after the day the notice is mailed or, if it is not mailed, on the date the notice is delivered. If I do not make payment in full during that period, you may bring a lawsuit for foreclosure without giving me any further notice or demand for payment.

6. **Discharge**

When I have paid all amounts due under the Note and this Mortgage, you will record a certificate in the Registry of Deeds stating that the mortgage has been discharged. I agree to pay for the preparation and recording cost of this certificate.

NOTICE: THE CREDIT UNION MAY DEMAND FULL AND IMMEDIATE PAYMENT OF THE DEBT SECURED BY THIS MORTGAGE IF THE PROPERTY OR AN INTEREST IN THE PROPERTY IS SOLD OR CONVEYED.

Witness: _____ Consumer _____
ANDY OCHOA

Witness: _____ Consumer _____

**STATE OF MAINE**

Cumberland County ss 10/10/2018

Personally appeared ANDY OCHOA

and acknowledged that the signing of this mortgage was their free act and deed.

Before me: Danielle M Johnson
Notary Public
Danielle Johnson
exp: 4/26/24

DOC :54556 BK:35238 PG:170
RECEIVED - RECORDED, CUMBERLAND COUNTY REGISTER OF DEEDS
10/23/2018, 02:45:32P
Register of Deeds Nancy A. Lane   E-RECORDED

A CERTAIN LOT OR PARCEL OF REAL PROPERTY SITUATED IN THE TOWN OF RAYMOND, COUNTY OF CUMBERLAND AND STATE OF MAINE, MORE PARTICULARLY BOUNDED AND DESCRIBED AS FOLLOWS:

COMMENCING AT A POINT ON THE WESTERLY SIDELINE OF THE NORTH RAYMOND ROAD, SO-CALLED, AT THE MOST NORTHERLY CORNER OF LAND FORMERLY OF ARTHUR J. PIERCE, NOW OR FORMERLY OF DAVISON, AND A STONE WALL;

THENCE IN A GENERAL SOUTHWESTERLY DIRECTION ALONG THE LINE OF LAND OF THE SAID DAVISON AND THE SAID STONE WALL A DISTANCE OF 400 FEET, MORE OR LESS, TO A POINT;

THENCE IN A GENERAL WESTERLY DIRECTION AND CONTINUING ALONG SAID STONE WALL A DISTANCE OF 100 FEET, MORE OR LESS, TO THE POINT OF BEGINNING.

THENCE CONTINUING ALONG THE LINE OF LAND OF THE SAID DAVISON FOLLOWING SAID STONE WALL IN A GENERAL SOUTHWESTERLY DIRECTION A DISTANCE OF 550 FEET, MORE OR LESS, TO ANOTHER STONE WALL AT THE LINE OF LAND NOW OR FORMERLY OF HOWARD A. RIPLEY;

THENCE IN A GENERAL NORTHWESTERLY DIRECTION ALONG THE SAID STONE WALL A DISTANCE OF 290 FEET TO AN IRON REBAR SET IN SAID STONE WALL;

THENCE IN A NORTHEASTERLY DIRECTION ALONG OTHER LAND OF THESE GRANTORS 451 FEET, MORE OR LESS, TO AN IRON REBAR SET IN A STONE WALL ON THE SOUTHWESTERLY SIDELINE OF THE DYER ROAD, SO-CALLED;

THENCE IN A SOUTHERLY DIRECTION ALONG THE SAID STONE WALL ON THE WESTERLY SIDELINE OF THE DYER ROAD, 290 FEET, MORE OR LESS, TO THE POINT OF BEGINNING.

SUBJECT TO ALL RESTRICTIONS, EXCEPTIONS, RESERVATIONS, STIPULATIONS, CONDITIONS, RIGHTS OF WAY AND EASEMENTS OF RECORD.