UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| NEWREZ LLC d/b/a SHELLPOINT MORTGAGE SERVICING, )<br><br>Plaintiff, )<br><br>v. )<br><br>ANDY OCHOA, )<br><br>Defendant )<br><br>v. )<br><br>EVERGREEN CREDIT UNION, )<br><br>Party-in-Interest ) | No. 2:23-cv-00251-LEW |

**ORDER ON PARTY-IN-INTEREST'S OBJECTION TO PROPOSED JUDGMENT**

Plaintiff NewRez LLC initiated foreclosure proceedings against Defendant Andy Ochoa. Party-in-Interest Evergreen Credit Union is second in priority to Plaintiff. Plaintiff moved for and was granted an Entry of Default as to Ochoa (ECF No. 25). Plaintiff then filed a Motion for Default Judgment (ECF No. 26). A damages hearing was held on January 28, 2025. Before the Court is Evergreen Credit Union's Objection To Proposed Judgment (ECF No. 44), which is OVERRULED for the following reasons.

1

Evergreen's sole objection to the Proposed Judgment is its post-judgment interest rate of 10.55% per annum. This calculation comes from Maine Law, 14 M.R.S. § 1602-C(1)(B), which provides "post-judgment interest is allowed at a rate equal to . . . the one-year United States Treasury bill rate plus 6%. Evergreen argues post-judgment interest should be governed by federal law, 28 U.S.C. § 1961(a), which provides "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court. . . . Such interest shall be calculated from the date of entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield . . . for the calendar week preceding." It is true that in most diversity cases, the federal statute will govern post-judgment interest rates. *See Vazquez-Filippetti v. Cooperativa de Seguos Multiples de P.R.*, 723 F.3d 24, 28 (1st Cir. 2013). However, foreclosures present a more complicated picture.

Section 1961(a) applies to "money judgments," and therefore will only supersede state law in this case if a foreclosure is a money judgment under federal law. 28 U.S.C. § 1961(a). A money judgment "requires damages to have been ascertained in a 'meaningful way.'" *Radford Tr. v. First Unum Life Ins. Co. of Am.*, 491 F.3d 21, 24 (1st Cir. 2007) (quoting *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 836 (1990)). "[D]amages are considered to have been ascertained when all that remains is a 'mechanical task of computing' the exact sum based on the court's orders." *Kaplan v. First Hartford Corp.*, 671 F. Supp. 2d 187, 197 (D. Me. 2009) (alteration in original) (quoting *Radford Tr.*, 491 F.3d at 25); *see also Money Judgment,* Black's Law Dictionary (12th ed. 2024)

("A judgment for damages subject to immediate execution, as distinguished from equitable or injunctive relief.").

Courts have applied both Maine and federal law in foreclosure cases. *Compare Freedom Mortg. Corp. v. Curtis*, No. 19-cv-233, 2021 WL 5750390, at *2 (D. Me. Dec. 2, 2021) (applying federal post-judgment interest), *with Reverse Mortg. Funding, LLC v. Campo*, No. 21-cv-00059, 2022 WL 3814347, at *1 (D. Me. Aug. 30 2022) (applying Maine's post-judgment interest). However, it appears to be a relatively uncontroversial proposition that a judgment of foreclosure is not a money judgment. Maine law provides that in a foreclosure action the court:

> [S]hall determine whether there has been a breach of condition in the plaintiff's mortgage, the amount due thereon, including reasonable attorney's fees and court costs, the order of priority and those amounts, if any, that may be due to other parties that may appear.
>
> *****
>
> If the court determines that such a breach exists, a judgment of foreclosure and sale must issue providing that if the mortgagor or the mortgagor's successors . . . do not pay the sum that the court adjudges . . . the mortgagee shall proceed with a sale as provided.

14 M.R.S.A. § 6324. A judgment of foreclosure and sale is not immediately executable, and the plaintiff's relief is not a matter of simple addition. Indeed, the debtor may even redeem themselves before foreclosure is executed. Therefore, Section 1961 is inapplicable here and Maine law should govern post-judgment interest.

## Conclusion

Because state law applies to the post-judgment interest rate, Evergreen's objection to the proposed judgment is OVERRULED.

SO ORDERED.

Dated this 11th day of February, 2025.

                                                  /s/ Lance E. Walker
                                                  CHIEF U.S. DISTRICT JUDGE